IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GRADY TAYLOR, JR.,                        :
                                          :
            Plaintiff,                    :
                                          :
v.                                        :        Case No. 5:25-cv-484-MTT-ALS
                                          :
Investigator TREY                         :
BURGAMY, *et al.*,                        :
                                          :
            Defendants.                   :
_____

**ORDER**

Plaintiff Grady Taylor, Jr., a prisoner at Jefferson County Correctional Institution in Louisville, Georgia, filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983. (Doc. 1). He also moved for leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). (Doc. 2). Thereafter, the Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP"), and he was ordered to pay an initial partial filing fee. (Doc. 6). Now that the initial partial filing fee has been paid, Plaintiff's Complaint is ripe for preliminary review. On that review, Plaintiff is **ORDERED** to recast his Complaint if he wishes to proceed with this action.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.      Standard of Review

The Prison Litigation Reform Act directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent

standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.    Factual Allegations

Plaintiff's Complaint is somewhat hard to decipher because his handwriting is difficult to read in places and also because Plaintiff does not present his factual allegations in a linear manner. (Doc. 1, at 6). Plaintiff appears to allege that Investigator Trey Burgamy used Plaintiff as a confidential informant to affect multiple arrests although Plaintiff says he did not agree to be a confidential informant. *Id.* at 6-7.

Additionally, Plaintiff contends that Assistant District Attorney Bruna Morehead, County Solicitor Michael Howell, and Jailer Trishanne Mountain identified Plaintiff as an informant in front of various people. *Id.* at 7. Plaintiff's allegations about these statements are not entirely clear, as Plaintiff has not included much factual context as to what was said, when the statements were made, or why they were made. *See id.*

## III.    Plaintiff's Claims

As an initial matter, Plaintiff's claims appear on the face of the Complaint to be barred by the statute of limitations. Constitutional claims raised under § 1983 are "subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

3

The limitations period in Georgia is two (2) years. O.C.G.A. § 9–3–33; *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006).

On the face of the Complaint, Plaintiff's claims appear to be untimely. Plaintiff asserts that the events underlying his complaint occurred between June 2022 and July 2023. (Doc. 1, at 6). To the extent that this is accurate, his claims accrued by July 2023, and he was required to bring this case by July 2025. Plaintiff, however, did not sign his Complaint until October 1, 2025. *Id.* at 8. Moreover, he does not allege any facts to suggest that the running of the statute of limitations was tolled. The Court notes, however, that Plaintiff has not provided specific dates with regard to the allegations within his statement of facts, and thus, it is not entirely clear when each event that he complains about occurred. (*See generally* Doc. 1).

Even if the Complaint is not barred by the statute of limitations, Plaintiff's Complaint as currently drafted does not state a viable claim for relief. For example, Plaintiff contends that his due process rights were violated. However, the Due Process Clause protects against deprivations of life, liberty, or property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (recognizing that prisoners "may not be deprived of life, liberty, or property without due process of law"). Plaintiff's allegations do not show any such deprivation to support a claim under 42 U.S.C. § 1983.[1]

Broadly construing Plaintiff's allegations, his Complaint could be read as asserting that the defendants were deliberately indifferent to his safety. However, to state an Eighth

---

[1] At one point in the Complaint, it appears possible that Plaintiff may be making allegations about the propriety of his conviction. (Doc. 1, at 7). Any claim challenging Plaintiff's conviction or sentence would have to be brought in a habeas corpus petition, rather than a § 1983 action, because habeas corpus is a state prisoner's sole remedy for a state prisoner challenging his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Amendment claim for exposure to unsafe conditions, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk to the prisoner's health or safety. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Additionally, the prisoner must allege facts to show that the defendant acted with deliberate indifference to the condition, which requires that the defendant "was actually aware that his own conduct caused a risk of serious harm to the plaintiff." *Wade*, 106 F.4th at 1261.

Plaintiff makes general allegations that he was exposed to danger by being improperly used and/or identified as a confidential informant, but he has not alleged specific facts showing any actual danger. As noted above, Plaintiff asserts that the events underlying the Complaint took place in 2022 and 2023, but he does not set forth any facts to show that he has been injured since that time or that he has faced any specific threat of danger.

Likewise, as noted above, Plaintiff has not alleged facts showing the circumstances under which the statements were made. Nor has he asserted facts to show what the defendants knew when they made these statements. Thus, Plaintiff has not stated a deliberate indifference claim.[2]

IV.    Order to Recast

As set forth above, Plaintiff's claims appear to be barred by the statute of limitations. And even if the Complaint is timely, Plaintiff has not stated a claim for which relief may be granted. Nevertheless, Plaintiff will be given an opportunity to recast his Complaint to try to state a claim. Accordingly, Plaintiff is **ORDERED** to recast his

---

[2] Plaintiff also mentions intentional infliction of emotional distress, slander, and defamation, but these are state law claims. In the absence of a federal claim, it would be appropriate for the Court to decline to exercise supplemental jurisdiction over any state claims.

Complaint if he wishes to proceed with this case. When doing so, Plaintiff must write legibly. Plaintiff must list each defendant in the heading of his recast complaint. In the body of his recast complaint, Plaintiff must again list each defendant by name and tell the Court exactly how and when that defendant allegedly violated Plaintiff's constitutional or federal statutory rights. Plaintiff's recast complaint should be no longer than ten (10) pages. Plaintiff may not attach any exhibits, declarations, or other attachments to the recast complaint.

Plaintiff is notified that only one sole operating complaint is permissible, and his recast complaint will supersede and take the place of his original complaint. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that when an amended complaint is filed, the previously filed complaint becomes "a legal nullity"). The Court will not refer to any previous complaints or filings to determine if Plaintiff has stated a claim, and Plaintiff must include all relevant factual information necessary for the Court to evaluate his claims in the recast complaint.

In recasting his Complaint, it is recommended that Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)   *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2)   *When* and *where* did each action occur (to the extent memory allows)?

(3)   *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)     *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)     *What* did this defendant do (or not do) in response to this knowledge?

(6)     *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8.

## CONCLUSION

As set forth above, Plaintiff has not stated a claim for relief. Nevertheless, he will be given an opportunity to file a recast complaint. Therefore, Plaintiff is **ORDERED** to file a recast complaint consistent with this order if he desires to proceed with this case. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to file his recast complaint. Plaintiff must also notify the Court immediately and in writing of any change in his mailing address. **Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this case.**

The Clerk is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 form along with his service copy of this order (with the civil action number showing on both). There shall be no service in this case pending further order of the Court.

**SO ORDERED**, this 13th day of May, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

7