**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **GRADY TAYLOR, JR.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-484 (MTT)** |
| **Investigator TREY BURGAMY, *et al.*,** | ) | |
| **Defendants.** | ) | |

# ORDER

Plaintiff Grady Taylor Jr., a prisoner at Effingham County Correctional institution in Springfield, Georgia, filed a pro se 42 U.S.C. § 1983 complaint. ECF 1. On June 11, 2026, Taylor filed a recast complaint alleging that his Thirteenth and Fourteenth Amendment rights were violated. ECF 11. After screening Taylor's recast complaint pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Alfreda L. Sheppard recommended that, because Taylor's claims are barred by the statute of limitations and do not state a viable claim for relief, the action be dismissed without prejudice. ECF 13. Taylor objected to the Recommendation and filed a second recast complaint. ECF 14, 16. On October 26, 2026, the Court, after considering Taylor's objections and his second recast complaint, adopted the Recommendation, dismissing Taylor's recast complaint without prejudice. ECF 24. On November 6, 2026, Taylor filed a motion for reconsideration, or to alter or amend the judgment. ECF 29.

Because Taylor's request for reconsideration was filed within twenty-eight days after the entry of judgment on October 26, 2026 (ECF 25) and challenges a decision on

the merits, the motion could be characterized as being brought under Federal Rule of Civil Procedure 59(e).

> Whether a party characterizes a post judgment motion as a Rule 59(e) motion or a Rule 60 motion, the chosen labeling is not controlling, and the court must determine under which provision to construe the motion. This Court has explained that, while Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute, Rule 60 applies to motions for reconsideration of matters collateral to the merits. If a motion for reconsideration is filed within 28 days of the entry of judgment and calls into question the validity of the judgment, it should be characterized as a Rule 59(e) motion regardless of how it is styled. Where a motion for reconsideration was not filed within 28 days of the judgment that it seeks to reopen, this Court construes it as falling under Rule 60(b).

*Griffin v. Philips*, No. 24-12502, 2024 WL 1502188, at *1 (11th Cir. May 27, 2025) (per curiam) (citations omitted).

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact. [A] Rule 59 motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Furthermore, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (holding same).

Motions for reconsideration under the Local Rules are treated similarly. In this regard, motions for reconsideration are not to "be filed as a matter of routine practice." M.D. Ga. Local R. 7.6. Moreover, reconsideration is only appropriate when "(1) there

has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336 (M.D. Ga. 2013).

Taylor raises no argument or claims within his motion on new law or newly discovered evidence. *See* ECF 29. Instead, Taylor states that the Court "keeps misunderstanding and or overlooking major facts." *Id.* at 1. Taylor, arguing that the Court misunderstands the recast complaint, reiterates the facts and arguments made in the recast complaint. *Id.* at 1-2. Because Taylor has not presented any intervening change of law or newly discovered evidence, nor argued that the court made a clear error of law, Taylor's request for reconsideration is **DENIED**.

**SO ORDERED**, this 12th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT